JACOB WESTERVELT *v.* HUGH ALLCOCK and others.

Where the plaintiff, in a suit upon a promissory note, brings by his attorney the note into court, duly endorsed to himself or in blank, and the attorney testifies that he brought the action by the plaintiff's direction, and the alleged transferrer testifies that he did transfer the note to the plaintiff, and received his note as the consideration for the transfer; the court on appeal will hold the finding of a justice, that the plaintiff is the real party in interest and the owner of the note, conclusive, notwithstanding there is some evidence that such transfer was in bad faith and for the mere purpose of having a suit brought in the plaintiff's name to prevent a defence thereto.

Whether a defendant, under an answer containing only a "a general denial," may set up and prove that the plaintiff, who brings the note endorsed in blank into court, is a merely nominal holder having no real interest therein? *Quere.*

THIS action was brought against the makers of a promissory note, who answered by a general denial of the complaint.

At the trial, the plaintiff's counsel produced the note—testified that he had been duly authorized by him to institute the action—and proved successive endorsements by the payee and by the several subsequent holders. The plaintiff's immediate endorser testified that he transferred the note to him, receiving therefor, upon the same day, his note, without any understanding that the plaintiff was to bring suit.

On the other hand, there was testimony on the part of the defence tending to establish that the last endorser was the real party in interest, and the actual owner of the note; that his transfer thereof was not only merely formal but in bad faith, and made to enable his counsel to obtain—by employing the name of the plaintff, who was a non-resident—a short summons, instead of the ordinary process, and thus compel the defendants, who were insolvent, to give security for the claim upon pain of imprisonment, or go to trial without the benefit of an adjournment to prepare their defence. The summons, which was issued on Saturday, was returnable the following Monday morning.

The justice overruled the points raised by the defendants, and gave judgment against them, from which they appealed.

*Albert Mathews*, for the defendants.

*John H. McCunn* and *James Moncrief*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—The only ground urged by the appellants for a reversal of this judgment is that the plaintiff was not the owner of the note upon which the action is brought, or the real party in interest herein.

If it be conceded that, where the plaintiff declares upon a promissory note endorsed in blank, and which he by his counsel brings into court, having possession and apparent legal title, the defendant may, under a " general denial " interposed for answer, set up and prove that the plaintiff is a merely nominal

Westervelt *v.* Allcock.

holder, having no real interest therein, which question has not been discussed. We are constrained to say that in this case, although the circumstances testified to go very far to show that the form of transfer and apparent purchase were a mere expedient to give the plaintiff an ostensible title without any real intent that the ultimate interest of either him or the party thus transferring should be affected by it, and that in no just sense, therefore, is he the party who is to gain or lose by the result of this action; yet we must regard the finding of the court below as conclusive. Indeed, the evidence, notwithstanding the suspicious circumstances, may be said to sustain his finding.

The plaintiff, by his counsel—who testifies that he was authorized to bring this action—brings the note into court and proves due endorsements thereof, sufficient to show legal title to the note in the holder. The alleged transferrer testifies that he endorsed the note to the plaintiff, and that on the same day he received the plaintiff's note for it, without any understanding between them that it was passed to the plaintiff to be sued by him. This was sufficient evidence of title and interest in the plaintiff. Under such circumstances, it was the province of the court below to weigh and determine the effect of the circumstances adverted to, and we cannot say that its conclusion is so clearly against the weight of the evidence as to warrant a reversal.

The judgment must be affirmed with costs.

Judgment affirmed.